**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RAFAEL ALVES SILVEIRA,

                    Petitioner,

        v.

KRISTI NOEM, *et al.*,

                    Respondents.

Civil Action No. 26-2862 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

Before the Court is Petitioner Rafael Alves Silveira's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities without an individualized bond hearing (Habeas Pet., ECF No. 1) and Respondents' ("Respondents" or "Government") letter response (Gov't Resp., ECF No. 5).

Petitioner, a Brazilian citizen, entered the United States without inspection on an unknown date. (*Id.* at 2.) On March 7, 2026, the Newark Police Department arrested Petitioner for simple assault and terroristic threats in connection with a domestic violence incident. (*Id.*) On March 9, 2026, Immigration Customs and Enforcement ("ICE") agents took Petitioner into custody and have detained him since. (*Id.*) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is purportedly being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On March 20, 2026, the Court ordered the Government to file an answer. (*See* Order, ECF No. 3.) On April 1, 2026, the Government filed a letter response. (Gov't Resp.)

The Petition contends that Petitioner's detention is unlawful. (*See generally* Habeas Pet.) The Government does not dispute the salient facts and acknowledges that here they assert the same position they have in many other similar cases in this District, including the position they took before this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025). In *Fuentes Velasquez*, the Government argued that the Department of Homeland Security ("DHS") has implemented a new policy interpreting the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, 2025 WL 3653657 at * 2.

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *See generally id.* The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[1]

---

[1] *See also Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding petitioner's continued detention under 8 U.S.C. § 1225(b)(2) unlawful); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *3–4 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at *2–4 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1–2 (D.N.J. Feb. 20, 2026).

Based on this Court's statutory interpretation in *Fuentes Velasquez*, 2025 WL 3653657, the Court finds the facts asserted in the Petition establish Petitioner's detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b)(2).

Accordingly

**IT IS**, on this 22nd day of April 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

**ORDERED** that, as soon as practicable but **no later than 7 days from the date of this Order**, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** that within three **(3) days** of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge